UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE FERNANDO SALINAS-GARCIA,

              Plaintiff,

-against-

UNITED STATES OF AMERICA,

              Defendant.

No. 20-CV-1027 (LAP)

No. 04-CR-603 (LAP)

MEMORANDUM & ORDER

---

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is pro se Plaintiff Jose Fernando Salinas-Garcia's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Dkt. no. 1).[1] For the reasons set forth below, the motion is DENIED.

    The Court assumes the parties' familiarity with the facts of the case and will only give a high-level overview of pertinent background information. Mr. Salinas-Garcia pleaded guilty to conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 846. (Dkt. no. 135 in 04-CR-603). On May 24, 2006, the Court entered final judgment sentencing him to 235 months' imprisonment. (Id.). Because he did not appeal, Mr. Salinas-Garcia's conviction

---

[1] All docket cites in this opinion, unless noted otherwise, shall refer to the docket in 20-CV-1027.

1

became final on June 8, 2006.[2]

On February 5, 2020, the Court received Mr. Salinas-Garcia's "Demand to Abate or Vacate Void Judgment," (dkt. no. 1), which the Court has construed as a motion for relief under § 2255, (see dkt. no. 4).  On February 18, 2020, the Court ordered Mr. Salinas-Garcia to file, within sixty days, a declaration showing cause why his motion should not be denied as time-barred.  (Id.).

On April 13, 2020, the Court received Mr. Salinas-Garcia's letter dated March 27, 2020.  (Dkt. no. 6).  That letter maintained that Mr. Salinas-Garcia's motion was, in fact, not a 28 U.S.C. § 2255 petition.  (Id. at 1).  Instead, Mr. Salinas-Garcia averred that he was "clear in his filings" and that the Court lacked jurisdiction.  (Id.).  He closed by declining the Court's offer to file a declaration.  (Id.).  At no point did Mr. Salinas-Garcia attempt to explain how his motion--filed more than thirteen years after his conviction became final--was timely.

---

[2] See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."); FED. R. APP. P. 4(b)(1)(A)(i) (2006) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of . . . the entry of either the judgment or the order being appealed."); see also id. 26(a)(2) (computing time by excluding "intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days").

A one-year limitations period applies to § 2255 motions. 28 U.S.C. § 2255(f). Because Mr. Salinas-Garcia filed his § 2255 motion more than one year after his conviction became final, his motion is **DENIED** as time-barred. See id. § 2255(f)(1). Because Mr. Salinas-Garcia has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See id. § 2253(c). The Court certifies that any appeal from this Order would not be taken in good faith. See id. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed (1) to mark this action closed and all pending motions denied as moot and (2) to mail a copy of this order to Mr. Salinas-Garcia.

**SO ORDERED.**

Dated:   October 21, 2020
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge